No. 13-55763

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Before the Hon. John T. Noonan, Kim McLane Wardlaw, and Mary H. Murguia
(Opinion filed October 8, 2015)

BIKRAM'S YOGA COLLEGE OF INDIA, L.P., a California limited partnership;
BIKRAM CHOUDHURY, an Individual,

*Plaintiffs-Appellants,*

v.

EVOLATION YOGA, LLC, a New York limited liability company;
MARK DROST, an Individual; ZEFEA SAMSON, an Individual,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Central District of California
Hon. Otis D. Wright II, No. 2:11-cv-05506-ODW-SS

---

**BRIEF AMICI CURIAE OF GOOGLE INC., ARISTA NETWORKS, INC. AND ATOPTECH, INC. IN SUPPORT OF NEITHER PARTY**

---

Paul Alexander - # 49997
ARNOLD & PORTER LLP
1801 Page Mill Road, Suite 110
Palo Alto, CA 94304-1216
Telephone: (650) 798-2920
Facsimile: (650) 798-2999

Martin R. Glick - # 40187
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400

*Attorneys for ATopTech, Inc.*

ROBERT A. VAN NEST - # 84065
MICHAEL S. KWUN - #198945
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: *(415) 397-7188*

*Attorneys for Google Inc. and Arista Networks, Inc.*

# CORPORATE DISCLOSURE STATEMENT

Google Inc. is a wholly owned subsidiary of Alphabet Inc., a publicly held corporation. Accordingly, Alphabet Inc. has more than 10% ownership of Google Inc.

Arista Networks, Inc. does not have a parent corporation and no publicly held company has more than 10% ownership of Arista Networks, Inc.

ATopTech, Inc. does not have a parent corporation and no publicly held company has more than 10% ownership of ATopTech, Inc.

**TABLE OF CONTENTS**

|      |                                                                                                                                                                                  | Page |
|------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | Identity and Interest of Amici Curiae                                                                                                                                            | i    |
| II.  | Introduction and Summary of Argument                                                                                                                                             | 2    |
| III. | Reasons Why the Panel Should Amend Its Decision to Directly State that the Federal Circuit Misstated and Misapplied Ninth Circuit Law in *Oracle v. Google.*                    | 4    |
|      | A. The presence of alternative options does not render a particular choice copyrightable if that choice is an idea, process, system or method of operation.                     | 5    |
|      | B. An idea, process, system or method of operation is not copyrightable even if it can be described as a selection, coordination or arrangement of many elements.               | 8    |
|      | C. Ninth Circuit precedent has long recognized that functionality plays a role in 17 U.S.C. § 102(b)'s limits on copyrightability.                                              | 9    |
|      | D. The panel should amend its decision to directly address *Oracle.*                                                                                                             | 11   |
| IV.  | Conclusion                                                                                                                                                                       | 12   |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Allen v. Academic Games League of Am.*
  89 F.3d 614 (9th Cir. 1996) ............................................................................. 5, 8

*Atari Games Corp. v. Nintendo of America, Inc.*
  975 F.2d 832 (Fed. Cir. 1992) ............................................................................... 4

*ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*
  402 F.3d 700 (6th Cir. 2005) ............................................................................ 7, 9

*Baden Sports, Inc. v. Molton USA, Inc.*
  556 F.3d 1300 (Fed. Cir. 2009) ............................................................................ 3

*Baker v. Selden*
  101 U.S. 99 (1879) ............................................................................................ 7, 9

*Garcia v. Holder*
  621 F.3d 906 (9th Cir. 2010) ............................................................................... 10

*Johnson Controls, Inc. v. Phoenix Controls Systems, Inc.*
  886 F.2d 1173 (9th Cir. 1989) ............................................................................. 11

*Oracle Am., Inc. v. Google Inc.*
  872 F. Supp. 2d 974 (N.D. Cal. 2012) ................................................................. 7

*Oracle America, Inc. v. Google Inc.*
  750 F.3d 1339 (Fed. Cir. 2014) .................................................................. *passim*

*Palmer v. Braun*
  287 F.3d 1325 (11th Cir. 2002) ............................................................................ 9

*Practice Management Info. Corp. v. AMA*
  121 F.3d 516 (9th Cir. 1997) ......................................................................... 11, 12

*Sega Enters. Ltd. v. Accolade, Inc.*
  977 F.2d 1510 ............................................................................................. 4, 9, 10

*Sony Computer Entertainment, Inc. v. Connectix Corp.*
  203 F.3d 596 (9th Cir. 2000) ........................................................................... 9, 10

**Federal Statutes**

17 U.S.C. § 102 ................................................................................*passim*

## I. Identity and Interest of Amici Curiae[1]

Google Inc. ("Google") is a leading technology company. In addition to its search engine, Google provides a wide range of other products and services that empower people around the world to create, find, organize, and share information. Google's headquarters are in the Ninth Circuit, and it is a frequent party to copyright lawsuits, including as the defendant in *Oracle America, Inc. v. Google Inc.*, which is currently pending in the Northern District of California. Google therefore has a strong interest in the proper application of Ninth Circuit copyright law.

Arista Networks, Inc. ("Arista") was founded to pioneer and deliver software-driven cloud networking solutions for large data center storage and computing environments. Arista has shipped more than five million cloud networking ports worldwide with CloudVision and EOS, an advanced network operating system. Arista's headquarters are in the Ninth Circuit, and it is a defendant in the patent and copyright lawsuit *Cisco Systems, Inc. v. Arista Networks, Inc.,* which is currently pending in the Northern District of California. Arista therefore has a strong interest in the proper application of Ninth Circuit copyright law.

---

[1] This brief is being filed along with a motion for leave to file. Amici Curiae Google Inc., Arista Networks, Inc. and ATopTech, Inc. ("Amici") hereby certify that no party's counsel authored this brief in whole or in part; no party or party's counsel contributed money intended to fund preparing or submitting the brief; and no person other than Amici contributed money intended to fund preparing or submitting the brief.

ATopTech, Inc. ("ATopTech") was founded in 2004 by a team of leading EDA physical design implementation experts to build new software to address design challenges in modern chip design implemented at 65nm and below. Its products have been used successfully in several hundred tapeouts to date. ATopTech's headquarters are in the Ninth Circuit, and it is a defendant in the copyright and patent lawsuit Synopsys, Inc. v. ATopTech, Inc., which is currently pending in the Northern District of California. ATopTech therefore has a strong interest in the proper application of Ninth Circuit copyright law.

## II.   Introduction and Summary of Argument

Bikram Yoga[2] seeks rehearing, arguing that the panel or the Court sitting en banc should reverse the district court. Amici believe that the panel decision was correct, but support amendment of the panel decision for a different reason. The panel's decision, while correct and accurately reflecting long-standing circuit precedent, cannot be squared with the Federal Circuit's approach in the copyright case *Oracle America, Inc. v. Google Inc.*[3] The Federal Circuit had jurisdiction over the appeal due to patent claims that were part of the case during the district court proceedings.[4] Because *Oracle* was an appeal in a Northern District of California case, the Federal Circuit applied Ninth Circuit law, following its rule that "[w]hen the questions on appeal involve law and precedent on subjects not exclusively

---

[2] As used herein, "Bikram Yoga" refers collectively to Plaintiffs-Appellants Bikram's Yoga College of India, L.P. and Bikram Choudhury.

[3] 750 F.3d 1339 (Fed. Cir. 2014).

[4] *Id.* at 1353 (citing 28 U.S.C. § 1295(a)(1)).

2

assigned to the Federal Circuit, the court applies the law which would be applied by the regional circuit."[5] In order to promote consistent application of circuit law, Amici respectfully request that the panel amend its decision to expressly state that the Federal Circuit misstated and misapplied Ninth Circuit law in *Oracle*.[6]

The panel decision correctly holds that because the Sequence[7] is an idea, process or system, it is uncopyrightable even if there are many alternative sequences that might accomplish similar ends. As the panel explains, the presence of alternatives does not answer the threshold question of whether each particular sequence is idea (uncopyrightable) or protectable expression (copyrightable, subject to limiting doctrines such as merger and scènes à faire).

The Federal Circuit's decision in *Oracle* adopts a contrary approach, under which the presence of alternatives means that each alternative is protectable expression. That approach is precisely what Bikram Yoga argues here—and what the panel correctly rejected.

*Oracle* does not bind Ninth Circuit panels, but that does not mean the panel

---

[5] *Id.* (quoting *Atari Games Corp. v. Nintendo of Am., Inc.,* 897 F.2d 1572, 1575 (Fed. Cir. 1990)); *see also Baden Sports, Inc. v. Molton USA, Inc.,* 556 F.3d 1300, 1308 n.1 (Fed. Cir. 2009) (in an appeal in a Western District of Washington case, noting that the Federal Circuit is "bound by the law of the Ninth Circuit" on non-patent issues).

[6] Because Amici support amendment of the panel decision, but not the substance of the amendment that Bikram Yoga seeks, this brief is styled as being in support of neither party.

[7] Slip op. 4 (explaining that the Sequence is "a sequence of twenty-six asanas and two breathing exercises, arranged in a particular order" by Choudhury, and described in his book *Bikram's Beginning Yoga Class* (1979)).

3

should ignore it. In future cases raising copyright and patent claims, the Federal Circuit will again be called upon to apply Ninth Circuit copyright law. There are at least two such cases pending in the Northern District of California now, with trials currently set for 2016.[8] In order to promote the consistent application of Ninth Circuit law,[9] Amici respectfully request that the panel amend its decision to comment directly on the Federal Circuit's misapplication of Ninth Circuit law regarding 17 U.S.C. § 102(b).

**III. Reasons Why the Panel Should Amend Its Decision to Directly State that the Federal Circuit Misstated and Misapplied Ninth Circuit Law in *Oracle v. Google*.**

Amici request that the panel amend its decision to address the Federal Circuit's decision in *Oracle* directly. The panel should explain that although the Federal Circuit purported to apply Ninth Circuit law,[10] its analysis misstated and misapplied Ninth Circuit law regarding 17 U.S.C. § 102(b). This is particularly

---

[8] Am. Compl., *Cisco Systems, Inc. v. Arista Networks, Inc.,* No. 5:14-cv-05344-BLF (N.D. Cal. Mar. 6, 2015) (patent and copyright case, with copyright claims based on command line interface for network switch operating system); Am. Compl., *Synopsys, Inc. v. ATopTech, Inc.,* No. 3:13-cv-02965-MMC (DMR) (N.D. Cal. Nov. 25, 2013) (copyright and patent case, with copyright claims, which are scheduled for separate trial in 2016, based on alleged copying of input and output formats for software). The former case is set for trial next November, and the latter in February. The *Oracle* case is also still pending in the Northern District of California, with a tentative trial date in May.

[9] *See Sega Enters. Ltd. v. Accolade, Inc.,* 977 F.2d 1510, 1513 n.1 & 1524 n.7 (9th Cir. 1992) (discussing and harmonizing Federal Circuit's application of Ninth Circuit law in *Atari Games Corp. v. Nintendo of America, Inc.,* 975 F.2d 832 (Fed. Cir. 1992)).

[10] *Oracle,* 750 F.3d at 1353.

4

significant in this Circuit, since copyright cases involving computer software and technology often arise here.

> **A. The presence of alternative options does not render a particular choice copyrightable if that choice is an idea, process, system or method of operation.**

In seeking copyright protection for the Sequence, Bikram Yoga argued for what could be called a "reverse merger" doctrine. If there are limited ways to express an idea, the merger doctrine precludes copyright protection for the expression, lest the author be granted "a monopoly on . . . commonplace ideas."[11] Bikram Yoga advocates for the converse rule—that the presence of alternatives must mean that Choudhury's particular choice is copyrightable expression.[12] Because he chose among "hundreds of postures" and "countless arrangements of these postures," Bikram Yoga argues that the Sequence is copyrightable.[13]

The panel decisively rejected Bikram Yoga's "reverse merger" approach. "[T]he possibility of attaining a particular end through multiple different methods does not render the uncopyrightable a proper subject of copyright."[14] A process is a process, and even if it is "one of many" processes "capable of attaining similar results," 17 U.S.C. § 102(b) nonetheless renders it "ineligible for copyright protection."[15] In short, a *lack* of alternatives can prevent copyright protection even

---

[11] *Allen v. Academic Games League of Am.,* 89 F.3d 614, 618 (9th Cir. 1996).

[12] Pet. 4–8.

[13] Slip op. at 18–19.

[14] *Id.* at 19.

[15] *Id.*

for creative expression (merger doctrine), but the *presence* of alternatives does not mean that each of the alternatives is copyrightable (no reverse merger doctrine).

In *Oracle,* the Federal Circuit stated that "under Ninth Circuit law, an original work—even one that serves a function—is entitled to copyright protection as long as the author had multiple ways to express the underlying idea."[16] But to determine what was idea and what was protectable expression, the Federal Circuit impermissibly adopted the reverse merger approach that the panel here rejected.

Oracle argued that the structure, sequence and organization (the "SSO") of certain of its Java API packages was copyrightable, because the SSO was "its *particular* way of naming and organizing each of the 37 Java API packages."[17] The Federal Circuit agreed:

> Given the court's findings that the SSO is original and creative, and that the declaring code could have been written and organized in any number of ways and still have achieved the same functions, we conclude that Section 102(b) does not bar the packages from copyright protection just because they also perform functions.[18]

In view of the panel's decision here,[19] the Federal Circuit erred in relying on the multitude of ways in which the "declaring code"—the method declarations reflecting the SSO of the Java API packages[20]—could have been written and

---

[16] 750 F.3d at 1367.

[17] *Id.* (emphasis in original).

[18] *Id.* at 1368.

[19] Slip op. at 18–19.

[20] *See Oracle,* 750 F.3d at 1349–50 (explaining "declarations").

6

organized to support its conclusion of copyrightability. The Federal Circuit's reliance on the district court's findings that the SSO was "original" and "creative" fares no better. The district court did not find that the SSO was protectable *expression*. Instead, it found that Oracle had created an original and creative *command structure,* which was a system or method of operation.[21]

The originality and creativity of Oracle's command structure do not make it copyrightable. Indeed, the panel here cited the Eleventh Circuit approvingly for the proposition that even if a process is "the product of much time and effort," and even if it is "original," it still "cannot be protected by copyright."[22] The outcome is no different for systems or methods of operation, which is why the Supreme Court denied copyright protection to Selden's system of bookkeeping even though it was "peculiar."[23] As the Sixth Circuit has noted,"[o]riginal and creative *ideas*"—and processes, systems and methods of operation—"are not copyrightable . . . ."[24]

The Federal Circuit also held that Oracle's declarations that reflected the SSO were copyrightable, but that analysis rested on the same mistaken foundation: that the existence of alternative SSOs meant that Oracle's particular SSO was

---

[21] *Oracle Am., Inc. v. Google Inc.,* 872 F. Supp. 2d 974, 999–1000 (N.D. Cal. 2012).

[22] Slip. op. at 9–10 (quoting *Palmer v. Braun,* 287 F.3d 1325, 1334 (11th Cir. 2002).

[23] *Baker v. Selden,* 101 U.S. 99, 104 (1879).

[24] *ATC Distrib. Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.,* 402 F.3d 700, 707 (6th Cir. 2005) (emphasis in original).

copyrightable.[25] Because Oracle's particular SSO is a command structure (i.e., a system or method of operation), it is not copyrightable, and thus copyright cannot protect the particular declarations that correspond to that SSO.[26]

> **B.  An idea, process, system or method of operation is not copyrightable even if it can be described as a selection, coordination or arrangement of many elements.**

The Federal Circuit also erred in relying on the many elements that Oracle's SSO comprises, noting that copyright law can protect compilations that are "selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."[27] But as the panel recognized, "[t]hat the Sequence may possess many constituent parts does not transform it into a proper subject of copyright protection."[28] A process, system or method of operation is not rendered copyrightable by dissecting it "into multiple steps and labeling it a 'compilation.'"[29] Under the Copyright Act, "[i]n no case does copyright protection for an original work of authorship extend to" a selection, coordination or arrangement that results in a process, system or method of operation.[30]

As has already been discussed, the fact that Oracle may have exercised

---

[25] *See* 750 F.3d at 1361.

[26] *See id.* at 1349–50 (explaining "declarations"); *see also Allen,* 89 F.3d at 618.

[27] *Oracle,* 750 F.3d at 1363 (quoting 17 U.S.C. § 101).

[28] Slip op. at 17.

[29] *Id.* at 18.

[30] 17 U.S.C. § 102(b).

8

creativity in its choices[31] is not determinative. Copyright law does not protect an idea, process, system or method of operation even if it is creative.[32] To the contrary, the Copyright Act excludes *all* ideas, processes, systems and methods of operation from the copyright protection afforded a work.[33] Just as there is no "reverse merger" doctrine, neither does the possibility that system could be dissected into many parts render it copyrightable, no matter how creative the creator of the system was in selecting the parts of that system.

### C. Ninth Circuit precedent has long recognized that functionality plays a role in 17 U.S.C. § 102(b)'s limits on copyrightability.

The panel also recognized that "the medical and functional considerations" that Choudhury himself claims underlie his choices make the Sequence "more effective as a process or system, but not any more suitable for copyright protection as an original work of authorship."[34] Bikram Yoga argues this is contrary to circuit precedent,[35] but the panel decision echoed longstanding circuit precedent holding that 17 U.S.C. § 102(b) denies protection to functional elements of processes, systems and methods of operation. In *Sega Enterprises Ltd. v. Accolade, Inc.*,[36] the Ninth Circuit held that § 102(b) denies copyright protection to "functional

---

[31] *See Oracle,* 750 F.3d at 1363.

[32] *Baker,* 101 U.S. at 104; slip. op. at 9–10; *Palmer,* 287 F.3d at 1334; *ATC Distrib. Grp.,* 402 F.3d at 707.

[33] 17 U.S.C. § 102(b).

[34] Slip op. at 18.

[35] Pet. 8–12.

[36] 977 F.2d 1510 (9th Cir. 1992).

9

requirements for compatibility."[37] And in *Sony Computer Entertainment, Inc. v. Connectix Corp.*,[38] the Ninth Circuit cited *Sega* and § 102(b) for the same proposition.[39]

The Federal Circuit, like Bikram Yoga, failed to recognize the force of these decisions. In *Oracle,* the Federal Circuit claimed that "copyrightability was addressed only tangentially" in *Sega* and *Sony,* and that the ultimate issue in both cases was fair use.[40] Yet both cases cited 17 U.S.C. § 102(b)—a copyrightability provision—directly. The predicate holding in *Sega*—that functional elements required for compatibility are not protected by copyright—was "germane to the eventual resolution of the case," was resolved after briefing[41] and reasoned consideration in a published opinion, and thus was not dicta.[42] *Sony* thus treated *Sega'*s copyrightability teachings as binding circuit law.[43]

The panel's decision here correctly confirmed that functional considerations play an important role in determining whether something is a process, system or method of operation—and thus not protected by copyright—or original expression.

---

[37] *Id.* at 1522 (citing 17 U.S.C. § 102(b)).

[38] 203 F.3d 596 (9th Cir. 2000).

[39] *Id.* at 599.

[40] *Oracle,* 750 F.3d at 1369.

[41] *Compare* Sega's Opening Brief, 1992 WL 12011898 at 15–22, *with* Accolade's Appellee's Brief, 1992 WL 12011899 at 35–38.

[42] *Garcia v. Holder,* 621 F.3d 906, 911 (9th Cir. 2010).

[43] 203 F.3d at 603.

The Federal Circuit's failure to treat *Sega* and *Sony* as binding precedent on the issue of copyrightability was error.

### D. The panel should amend its decision to directly address *Oracle*.

To promote the consistent application of Ninth Circuit law, the panel should amend its decision to state that the Federal Circuit's decision in *Oracle* misstated and misapplied Ninth Circuit law. Neither *Johnson Controls, Inc. v. Phoenix Controls Systems, Inc.*,[44] nor *Practice Management Info. Corp. v. AMA*[45] compels a contrary conclusion. In *Johnson Controls,* an appeal of a preliminary injunction,[46] this Court recognized that structural elements of a program are sometimes protected, but pointed at 17 U.S.C. § 102(b) as the statutory provision relevant to determining *when* protection is appropriate.[47] "Whether the non-literal components of a program, including the structure, sequence and organization and user interface, are protected depends on whether, *on the particular facts of each case,* the component in question qualifies as an expression of an idea, or an idea itself."[48] In *Practice Management,* this Court applied the copyright misuse doctrine to deny copyright protection,[49] but declined to invalidate the copyright on a book that

---

[44] 886 F.2d 1173 (9th Cir. 1989).

[45] 121 F.3d 516 (9th Cir. 1997).

[46] 886 F.2d at 1174.

[47] *Id.* at 1175.

[48] *Id.* (emphasis added).

[49] 121 F.3d at 520–21.

11

described a medical coding system.[50] Here, the district court did not invalidate the copyright on Bikram Choudhury's book, but only held that the book's copyright protection did not extend to the Sequence due to application of 17 U.S.C. § 102(b).

Moreover, explaining the errors in the Federal Circuit's misinterpretation of Ninth Circuit law will aid the proper application of Ninth Circuit law. This is important, because in future cases raising copyright and patent claims, the Federal Circuit will again be called upon to apply Ninth Circuit copyright law. Amici respectfully request that the panel amend its decision to comment directly on the Federal Circuit's misapplication of Ninth Circuit law regarding 17 U.S.C. § 102(b).

## IV. Conclusion

For the foregoing reasons, the Court should amend the panel decision and expressly disavow the Federal Circuit's decision in *Oracle*.

---

[50] *Id.* at 520 (affirming that "copyright in the CPT" was proper); *see also id.* at 517 (defining "the CPT" as the book the "Physician's Current Procedural Terminology"). The decision discusses not just the coding system that is explained by the book, but the particular manner in which the book explains the system. *See id.* (explaining that "the CPT" includes the descriptions of the procedures in the coding system).

Respectfully submitted,

DATED: December 17, 2015

By: s/Michael S. Kwun[*]
    ROBERT A. VAN NEST - # 84065
    MICHAEL S. KWUN - #198945
    KEKER & VAN NEST LLP
    633 Battery Street
    San Francisco, CA 94111
    Telephone:   (415) 391-5400
    Facsimile:   (415) 397-7188

*Attorneys for Google Inc. and Arista Networks, Inc.*

    Paul Alexander - # 49997
    ARNOLD & PORTER LLP
    1801 Page Mill Road, Suite 110
    Palo Alto, CA 94304-1216
    Telephone: (650) 798-2920
    Facsimile: (650) 798-2999

    Martin R. Glick - # 40187
    ARNOLD & PORTER LLP
    Three Embarcadero Center, 7th Floor
    San Francisco, CA 94111-4024
    Telephone: (415) 471-3100
    Facsimile: (415) 471-3400

*Attorneys for ATopTech, Inc.*

---

[*] Pursuant to Circuit Rule 25-5(f), the signatory attests that counsel for ATopTech, Inc., on whose behalf this filing is also submitted, concurs in the filing's content.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify that the attached brief complies with the type-volume requirements of Circuit Rule 29-2(c)(2), the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). Microsoft Word 2010 reports that it contains 2,975 words, not including those sections excluded in Fed. R. App. P. 32(a)(7)(B)(iii), and it is proportionately spaced using Microsoft Word 2010 in 14-point Times New Roman type.

DATED: December 17, 2015

By: s/Michael S. Kwun
MICHAEL S. KWUN